

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Alex Jung
County Attorney
Gillespie County
Fredericksburg, Texas

Dear Sir:

Opinion No. 0-4070
Re: Whether common school district
trustees must re-employ draftee
teacher after his discharge from
Army.

We have received your letters of recent date request-
ing the opinion of this department upon the above captioned
question. The facts as disclosed by your letters may be stated
as follows:

"A" was employed by the school district for the
school term 1940-1941. He was indicted into the Army under
the Selective Training and Service Act on June 19, 1941, which
was after the termination date of his contract, and was in
active service until September 12 or 13, 1941, when he was
honorably discharged because of dependency. The school board
fully intended to re-employ "A" as a teacher for the term
1941-1942, but after his induction and upon the belief that
"A" would be compelled to serve in the Army for at least a
full year, the Board entered into a contract with "B" to teach
for the school year. The contract with "B" was not entered
into until on or about September 9, 1941, although it was
dated September 2, 1941, the date of commencement of the school
term.

On November 9, 1940, the board of trustees signed
a statement which was attached to "A's" questionnaire to the
effect that "A" was employed at that time as a teacher and that
the board was contemplating keeping him on in such capacity
during the 1941-1942 school year.

"A" states that he was verbally promised employment
for 1941-1942 and that his father informed two of the trustees
during the last part of August that "A" would return within
two weeks after September 2, 1941, to take up his job.

Honorable Alex Jung, Page 2

We quote from your letter as follows:

"The records of the Local Board disclose that the discharge was recommended on August 11th, 1941. Neither selectee, nor his father, gave the trustees this specific information until his actual discharge and return after the trustees had entered into the contract with Mr. Gardner. The Local Board did not so notify such trustees until after the Gardner contract had been actually made. The trustees knew prior to the Gardner contract that selectee was seeking discharge."

Article 2750, Revised Civil Statutes, governs the employment of teachers for common school districts. The court in the case of White v. Porter, et al., 78 S. W. (2d) 287, had the following to say concerning this statute:

"The mode of employing teachers by trustees of common school districts, as distinguishable from independent districts, is prescribed by article 2750, R.S., which provides: 'Trustees of a district shall make contracts with teachers to teach the public schools of their district, but the compensation to a teacher, under a written contract so made, shall be approved by the county superintendent before the school is taught, stating that the teacher will teach such school for the time and money specified in the contract.'

". . . Its only essential is that it shall be made by the trustees with the teacher in writing, stating that the teacher will teach such school for the time and money specified in the contract. . . ."

Upon the basis of the facts as stated above, we are of the opinion that no contract between "A" and the board of trustees was entered into which would meet the requirements of Article 2750.

We will now turn to an examination of the Selective Training and Service Act itself (U.S.C.A., 50 App. §§ 301-318). Section 308 provides for the issuance of a certificate of satisfactory service if the man inducted completes his training to the satisfaction of the Army. Subsection (B) of Section 308 provides in part as follows:

"(b) In the case of any such person who, in order to perform such training and service, has left or leaves a position, other than a temporary position, in the employ of any employer and who (1) receives such certificate, (2) is still qualified to perform the duties of such position, and (3) makes application for reemployment within forty days after he is relieved from such training and service—

". . .

"(C) if such position was in the employ of any State or political subdivision thereof, it is hereby declared to be the sense of the Congress that such person should be restored to such position or to a position of like seniority, status, and pay.

". . ."

The act specifies that is the sense of Congress that such person should be restored to such position, etc. We do not think that the school district is compelled to do anything under this provision. What it should do and what it must do are two different things. Perhaps the board should have inserted a provision in its contract with "B" to the effect that the contract would come to an end if "A" returned. But there was no such provision.

We fully appreciate the position of a soldier upon his discharge from the Army, and realize that many difficulties confront him at that time. However, it is the duty of this department to interpret the law as it is, and we must be guided, not by what we think the law should be, but by what the law actually is.

In view of the foregoing discussion and authorities it is the opinion of this department that the board of trustees is not required to discharge "B" and re-employ "A". In

fact, the board of trustees could not legally do so, assuming, of course, that the contract with "B" meets the statutory requirements.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

s/ George W. Sparks
Assistant

APPROVED OCT 23, 1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN